UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BO ZHANG,

                            Plaintiff,

   v.                                               **DECISION AND ORDER**
                                                                  12-CV-721S

NORTH COUNTY BEAUTIFICATION
COMPANY, INC., et al.,

                            Defendants.

       1.       Plaintiff Bo Zhang initiated this action on July 31, 2012, by filing a Complaint in the United States District Court for the Western District of New York. Defendants North County Beautification Company, Inc. ("NCBC"), Daniel Lucariello, and Si Si Ge, filed their Answer on October 22, 2012. Presently at bar is Plaintiff's Motion to Dismiss Defendants' counterclaims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiff's motion is denied and Defendants are granted leave to file an Amended Answer.

       2.       In reviewing a motion to dismiss under Rule 12(b)(6), this Court must accept as true the factual allegations set forth by the non-moving party and draw all reasonable inferences in its favor. Zinermon v. Burch, 494 U.S. 113, 118, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990); In re NYSE Specialists Sec. Litig., 503 F.3d 89, 91 (2d Cir. 2007). "To survive a motion to dismiss, [an answer] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A [counterclaim] has facial plausibility when the [defendant] pleads factual content that allows the court to draw

the reasonable inference that the [plaintiff] is liable for the misconduct alleged." Id.

3. This Court accepts the following facts, drawn from Defendants' Answer, as true. Lucariello and Ge are a married couple living in Dunkirk, New York. See Answer (Docket No. 10), at ¶¶ 3, 42-43. Lucariello is the sole shareholder of NCBC, a corporation located in Dunkirk. Id. at ¶¶ 5, 44. Zhang is a citizen and resident of the People's Republic of China. Id. at ¶ 45. Ge was previously acquainted with Zhang's wife in China. Id. at ¶ 10.

4. In 2011, Lucariello and Ge met with Zhang and his wife while on a trip to China. Id. at ¶ 11. On multiple occasions, Zhang represented to Lucariello and Ge that he intended to visit the United States and to purchase a vacation home with Lucariello and Ge's assistance. Id. at ¶ 46. Lucariello and Ge relied on Zhang's representation and assisted him and his wife's travel to the United States. Id. at ¶¶ 47-49. Zhang's true intention for visiting the United States, however, was so that his wife could give birth to the couple's second child, thereby allowing them an easier path to eventual United States citizenship and avoiding any complications or fines associated with China's "one child policy." Id. at ¶ 49.

Zhang and his wife arrived in the United States in October 2011. Id. at ¶ 16. Between October 2011 and April 2012, Lucariello and Ge provided various services for Zhang and his wife, including the following: meeting the couple at the airport in New York City upon their arrival; assisting them with accommodations and a tour of New York City; providing transportation from New York City to Dunkirk; assisting Zhang with opening bank accounts in Dunkirk; assisting Zhang with purchasing a vehicle in Dunkirk; procuring a residence for Zhang and his wife in Dunkirk; establishing utilities for Zhang and his wife at their residence; providing translation services for Zhang on multiple occasions; arranging doctor's appointments for Zhang's wife in Dunkirk; arranging day care services for Zhang's

2

child; assisting with many aspects of Zhang's daily life while in Dunkirk; and booking a Caribbean cruise for Zhang and his family, including booking the cruise tickets and airline transportation, and providing translation services during the trip. Id. at ¶ 54.

Lucariello and Ge estimate the fair and reasonable value of their services at $195,000. Id. at ¶ 55. Zhang paid Lucariello and Ge $180,000 towards those services. Id. at ¶ 59.

5. Defendants' Answer asserts counterclaims on the basis of fraud and unjust enrichment, seeking the $15,000 Defendants claim Plaintiff still owes them for services rendered. Plaintiff moves to dismiss the counterclaims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Motions to dismiss under Rule 12(b)(6) require an examination of the legal, not factual, sufficiency of a complaint. See, e.g., Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009) (citing City of New York v. Beretta U.S.A. Corp., 524 F.3d 384, 392 (2d Cir. 2008)). Thus, when reviewing a motion to dismiss, "[this] Court must accept the factual allegations set forth in the [answer] as true and draw all reasonable inferences in favor of the [defendants]." Volpe v. Nassau Cnty., No. 21-CV-2416 (JFB)(AKT), 2013 WL 28561, at *5 (E.D.N.Y. 2013); see also Erickson v. Pardus, 551 U.S. 89, 93–94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

6. To survive a motion to dismiss, the allegations must constitute "a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC, 595 F.3d 86, 91 (2d Cir. 2010) (quoting Twombly, 550 U.S. at 555). This standard does not generally require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

3

But where a case concerns claims of fraud or mistake under Rule 9(b), they must be pled with particularity. See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); see also Nasso v. Bio Reference Labs, Inc., No. 11-CV-3480 (JFB)(ETB), 2012 WL 4336429, at *3 (E.D.N.Y. 2012) ("Claims concerning fraud are subject to heightened pleading standards."). This particularity standard also applies to claims premised on alleged fraudulent actions. See, e.g., Silverman Partners, L.P. v. First Bank, 687 F. Supp. 2d 269, 288 (E.D.N.Y. 2010) ("[U]njust enrichment must be pled with specificity when the underlying acts are allegedly fraudulent."); Welch v. TD Ameritrade Holding Corp., No. 07 Civ. 6904 (RJS), 2009 WL 2356131, at *21 (S.D.N.Y. 2009) (holding that Rule 9(b) applies to unjust enrichment claims premised on alleged fraudulent actions). As such, both of Defendants' counterclaims must be sufficiently pled to the particularity standard of Rule 9(b), if they are to survive Plaintiff's Motion to Dismiss.

7. To state a cause of action for fraud under New York law, a defendant must "(1) detail the statements . . . that the [defendant] contends are fraudulent, (2) identify the speaker, (3) state where and when the statements . . . were made, and (4) explain why the statements . . . are fraudulent." Olsen v. Pratt & Whitney Aircraft, 136 F.3d 273, 275 (2d Cir. 1998). Conclusory allegations of fraud will not survive the heightened pleading standard of Rule 9(b) and are therefore subject to dismissal. See Nasso, 2012 WL 4336429, at *3 (citing Shemtob v. Shearson, Hammill & Co., 448 F.2d 442, 444 (2d Cir. 1971)).

8. In New York, an unjust enrichment claim requires proof that (1) a party was enriched, (2) at the opposing party's expense, and (3) equity and good conscience dictates against permitting the enriched party to retain what the opposing party is seeking to recover. See Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 306 (2d Cir.

4

2004) (citing Clark v. Daby, 300 A.D.2d 732, 751 N.Y.S.2d 622, 623 (3d Dep't 2002)). Although a claim for unjust enrichment would normally fall under Rule 8 and the pleading standards of Twombly and Iqbal, because Defendants allege that Plaintiff's unjust enrichment was the result of his fraudulent actions, this counterclaim must also be plead to the same particularity standard under Rule 9(b) as the fraud counterclaim. See, e.g., Silverman Partners, 687 F. Supp. 2d at 288; Welch, 2009 WL 2356131, at *21.

9. Having reviewed Defendants' Answer, this Court finds that it lacks the factual specificity required to sufficiently plead fraud under Rule 9(b). The key pleading deficiency is that the Answer does not sufficiently detail where and when Plaintiff's allegedly false statements were made. In particular, Defendants merely state that Plaintiff's statements regarding his intention to visit and purchase a vacation home in the United States were made on "multiple occasions." Answer, at ¶ 47. This falls short of the requirement that Defendants detail, with particularity, both the location and time at which these statements were allegedly made. No specific date, date range, or month is provided in Defendants' Answer. Moreover, Defendants allege no times or locations for the "multiple occasions" on which Plaintiff allegedly made his statements about purchasing a vacation home in the United States. Given this lack of specificity, Defendants' Answer does not sufficiently plead the third element of fraud to the requisite level of particularity. As such, Defendants' fraud counterclaim, as it stands, is subject to dismissal.

10. Regarding Defendants' counterclaim for unjust enrichment, this Court finds that Defendants' Answer sufficiently alleges specific facts as required under Rule 9(b). The Answer alleges that Plaintiff was unjustly enriched $15,000 by paying Defendants only $180,000 for services properly valued at $195,000. Id. at ¶ 54, 56-57. It also alleges that the enrichment came at Defendants' expense. Id. at ¶ 55, 57-58. Further, Defendants allege that equity and good conscience dictate against Plaintiff's retention of the amount

5

Defendants seek to recover. Id. at ¶ 54-60. Because Defendants' Answer pleads each element of unjust enrichment with the requisite specificity, this Court finds that this counterclaim satisfies the particularity requirement of Rule 9(b).

11. In addition to opposing outright dismissal of their counterclaims, Defendants have alternatively asked for leave to amend their Answer, if this Court were to find that their counterclaims failed to meet the requisite pleading standards. Under the Federal Rules of Civil Procedure, leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). But leave to amend may be properly denied if the amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). District courts "ha[ve] broad discretion to decide whether to grant leave to amend." Joblove v. Barr Labs., Inc., 429 F.3d 370, 404 (2d Cir. 2005). Several factors lead this Court to conclude that leave to amend should be granted as it relates to Defendants' fraud claim.

First, the nature of the allegations set forth in Defendants' Answer have the potential makings of a properly pled fraud claim. Defendants presumably know when and where Plaintiff made his statements to them. As such, it is highly probable that given the chance to amend, Defendants could satisfy Rule 9's particularity standard. Second, it would be unduly harsh and prejudicial to deny Defendants the opportunity to cure their initial pleading failures, particularly when leave to amend should be granted when justice so requires. Third, granting leave to amend will not cause any undue delay or unfair prejudice to Plaintiff. Finally, although Plaintiff correctly notes that Defendants have failed to comply with Local Rule of Civil Procedure 15(a) by not appending a proposed Amended Answer to their moving papers, this Court finds that the most expedient way to proceed is to grant Defendants leave to file an Amended Answer at this time, without the need for an additional motion.

12. Accordingly, for the reasons stated above, Plaintiff's Motion to Dismiss is denied and Defendants are granted leave to file an Amended Answer. Defendants must file and serve their Amended Answer within 14 days of the entry date of this Decision and Order.

IT HEREBY IS ORDERED, that Plaintiff's Motion to Dismiss (Docket No. 17) is DENIED in its entirety.

FURTHER, that Defendants are granted leave to file an Amended Answer and must do so within 14 days of the entry date of this Decision and Order.

SO ORDERED.

Dated: August 16, 2013
   Buffalo, New York

                /s/William M. Skretny
                WILLIAM M. SKRETNY
                  Chief Judge
               United States District Court